# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

| | |
|---|---|
| BRIANT MARCELL COLEMAN,<br>*Prisoner Identification No.* 311-939,<br><br>    Petitioner,<br><br>v.<br><br>J. MICHAEL STOUFFER, WARDEN, and<br>ATTORNEY GENERAL OF MARYLAND,<br><br>    Respondents. | Civil Action No. TDC-14-3964 |

## MEMORANDUM OPINION

Petitioner Briant Marcell Coleman, who is currently confined at the Roxbury Correctional Institution in Hagerstown, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition is DENIED.

## BACKGROUND

On October 23, 2002, Coleman was convicted after a jury trial in the Circuit Court for Baltimore County, Maryland (the "Circuit Court") of one count each of attempted first degree murder, attempted second degree murder, first degree assault, and second degree assault. On January 13, 2003, the court sentenced Coleman to 45 years of imprisonment, with 15 years suspended, and five years of probation.

Coleman appealed his conviction to the Court of Special Appeals of Maryland, raising the following issues:

1. Did the trial court err in giving an aiding and abetting instruction with respect to the charges of attempted first degree murder, attempted second degree murder, and first degree assault?

2. Was the evidence insufficient to sustain the convictions for attempted first degree murder and attempted second degree murder?

Limited Ans. Ex. 2 at 2, ECF No. 5-2. On May 5, 2004, the Court of Special Appeals affirmed the conviction, and the court's mandate was issued on June 4, 2004. The Court of Appeals of Maryland denied Coleman's petition for a writ of certiorari on September 17, 2004. Coleman did not seek further review by the United States Supreme Court. Therefore, his conviction became final for direct appeal purposes on December 16, 2004. *See* Sup. Ct. R. 13.1 (requiring a petition for a writ of certiorari to be filed within 90 days of the judgment from which review is sought).

While his direct appeal was pending, on March 12, 2003, Coleman filed a motion for modification or reduction of sentence in the Circuit Court, which was denied on April 22, 2005. Coleman filed a second motion for modification or reduction of sentence on August 3, 2005. It does not appear that the Circuit Court has ruled upon Coleman's second motion.

On March 7, 2012, Coleman filed a *pro se* petition for post-conviction relief in the Circuit Court. Through counsel, Coleman filed an amended/supplemental petition on August 23, 2012 and a second amended/supplemental petition on August 30, 2012. In his petition, Coleman claimed that he received ineffective assistance of counsel based on: (1) trial counsel's failure to object to state witness John Staley's in-court identification of Coleman; (2) trial counsel's failure to ask the trial court to give proper instructions regarding the identification of Coleman at trial; (3) trial counsel's failure to object when the prosecution did not disclose in discovery, under Md. Rule 4-263, that Staley would identify Coleman at trial; (4) trial counsel's failure to move for

sequestration of witnesses; and (5) the cumulative effect of the above allegations. State Post-Conviction Op. at 2, Supp. Ans. Ex. 11, ECF No. 17-8. Coleman also alleged that trial counsel was ineffective for failing to object to an introductory jury instruction that suggested that the jury instructions were merely advisory and not binding, and that the trial court's introductory jury instruction itself was a constitutional violation requiring reversal of Coleman's convictions. A hearing was held on September 14, 2012, at which Coleman and his trial counsel testified. On September 28, 2012, the Circuit Court denied Coleman's petition for post-conviction relief. Coleman filed an application for leave to appeal the adverse decision, which the Court of Special Appeals denied on November 14, 2013. The Court of Special Appeals issued its mandate on December 16, 2013.

Coleman filed a Petition for Writ of Habeas Corpus in this Court pursuant to 28 U.S.C. § 2254, challenging his 2002 convictions in the Circuit Court. Although the Court did not receive the Petition until December 18, 2014, the Petition is dated November 20, 2014 and is deemed filed on that date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (holding that pleadings filed by prisoners are deemed filed on the date the prisoner relinquishes control over the documents). On April 13, 2015, Respondents filed a Limited Answer, contending that the Petition is time-barred. Although given the opportunity to file a reply to the Limited Answer, Coleman did not do so. The Court then ordered Respondents to supplement their Limited Answer to address whether Coleman's two motions for modification of sentence tolled the limitations period. Respondents filed their First Supplemental Answer on September 7, 2016. Coleman filed a Reply to the First Supplemental Answer. After reviewing the filings, the Court concluded that "there remain open questions of law" and ordered Respondents to file a second supplement that would address the merits of Coleman's claims. Order at 1-2, ECF No. 10. Respondents have

since filed their Second Supplemental Answer, in which they asserted that the Petition should be dismissed as time-barred or denied on the merits. Coleman filed a Reply to the Second Supplemental Answer.

## DISCUSSION

Coleman raises two claims in his Petition to this Court. First, he contends that his Fourth Amendment rights were waived due to defense counsel's negligence. Second, he challenges the "vagueness" of the introductory jury instructions and, relatedly, the post-conviction court's finding that those instructions were not improper under Maryland case law. Pet. at 9-10, ECF No. 1.[1] Respondents argue that Coleman's claims are time-barred, have been procedurally defaulted, and do not provide a basis for *habeas corpus* relief.

### I. Limitations Period

Respondents maintain that the Petition is time-barred. A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in state court. *See* 28 U.S.C. § 2244(d) (2012). Section 2244(d) provides that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly

---

[1] The page numbers cited for the Petition are those assigned by the Court's CM/ECF system.

> recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Coleman's conviction became final for direct appeal purposes on December 16, 2004, when the time for filing a petition for a writ of certiorari in the Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Wall v. Kholi*, 562 U.S. 545, 548 (2011); Sup. Ct. Rule 13.1. At that point, the statute of limitations began to run, and it expired on December 16, 2005. Coleman did not initiate post-conviction proceedings in the Circuit Court until March 7, 2012. By then, the deadline for filing a federal *habeas* petition had long passed, unless an exception applies.

As noted above, § 2244(d) provides that the limitations period is tolled during the pendency of a "properly filed" application for state post-conviction relief or "other collateral review." 28 U.S.C. § 2244(d)(2). The question is whether Coleman's two motions for modification or reduction of sentence qualify as "other collateral review" in order to toll the statute of limitations. The motions were filed under Maryland Rule 4–345, which provides in relevant part:

> Upon a motion filed within 90 days after imposition of a sentence (A) in the District Court, if an appeal has not been perfected or has been dismissed, and (B) in a circuit court, whether or not an appeal has been filed, the court has revisory power over the sentence except that it may not revise the sentence after the expiration of five years from the date the sentence originally was imposed on the defendant and it may not increase the sentence.

Md. Rule 4–345(e) (2012).

In *Wall*, the Supreme Court held that a motion to reduce sentence under Rhode Island state law tolled the limitations period. 562 U.S. at 547-48. The Court stated:

> We hold that the phrase "collateral review" in § 2244(d)(2) means judicial review of a judgment in a proceeding that is not part of direct review. Because the parties agree that a motion to reduce sentence under Rhode Island law is not part of the direct review process, we hold that respondent's motion tolled the AEDPA limitation period and that his federal habeas petition was therefore timely.

*Id.* However, in *Tasker v. Maryland*, No. AW 11-cv-1869, 2013 WL 425040 (D. Md. Jan. 31, 2013), a judge in this District distinguished the Rhode Island procedure at issue in *Wall* from a motion for modification or reduction of sentence under Maryland Rule 4-345(b) because such a motion seeks leniency only and does not raise legal challenges to the conviction or sentence. *Id.* at *7. The court therefore held that a Maryland motion for modification or reduction of sentence does not toll the limitations period. *Id.* Since *Tasker*, there has been an "unbroken chain of decisions from this district" that have followed this reasoning and declined to toll the limitations period. *Mitchell v. Green*, No. DKC-13-2063, 2017 WL 4536001, at *6 (D. Md. Oct. 11, 2017). In *Mitchell*, however, the court, even in following *Tasker*, recognized that there has yet to be "dispositive ruling from the Fourth Circuit" on this issue and "only appellate courts can definitively resolve the issue." *Id.* at *4, *6.

Respondents argue that the *Tasker* court correctly determined that a motion to reduce sentence filed under Maryland Rule 4–345 does not toll the limitations period. Respondents further argue that, even if a properly filed Rule 4–345 motion does toll the limitations period, Coleman's Petition is still time-barred because Coleman's second motion was not filed until August 3, 2005, well past the 90-day deadline set forth in Rule 4-245(e). Moreover, Respondents argue, even assuming the second motion had been timely filed, "it became a nullity on January 13, 2008, when the revisory power of the court with respect to his sentence expired"

five years after the date of his sentence. First Supp. Ans. at 2, ECF No. 8. Respondents conclude that any tolling of the statute of limitations based on Coleman's motions for modification or reduction of sentence ended no later than January 14, 2008, such that his one-year period to file a petition for a writ of *habeas corpus* expired one year later.

Although Respondents' arguments have some force, the United States Court of Appeals for the Fourth Circuit has yet to decide whether a Maryland motion for modification or reduction of sentence tolls the limitations period, or whether such a motion, even if unresolved, would only toll the limitations period for five years after the date of the sentence. This Court need not decide these issues because, as discussed below, the Petition will be denied on other grounds.

## II. Fourth Amendment

Coleman first claims that he received ineffective assistance of counsel when his trial counsel was negligent in failing to file timely motions to suppress. Respondents assert that this claim has been procedurally defaulted because it was never raised in the state court.

A petitioner seeking habeas relief in federal court must first properly exhaust the remedies available in state court. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied by seeking review of the petitioner's claims in the highest state court with jurisdiction to consider the claim. *See* 28 U.S.C. § 2254(c). For a person convicted of a criminal offense in Maryland, exhaustion may be accomplished either on direct appeal or in post-conviction proceedings. To exhaust claims on direct appeal in non-capital cases, a defendant must assert them in an appeal to the Court of Special Appeals of Maryland and then to the Court of Appeals of Maryland by way of a petition for a writ of certiorari. *See* Md. Code Ann., Cts. & Jud. Proc. §§ 12–201, 12–301 (West 2011). To exhaust claims through post-conviction proceedings, a defendant must assert them in a petition filed in the Circuit Court

where the inmate was convicted within 10 years of the date of sentencing. *See* Md. Code Ann., Crim. Proc. §§ 7–101 to 7–103 (West 2011). After a decision on a post-conviction petition, further review is available through an application for leave to appeal filed with the Court of Special Appeals. *Id.* § 7–109. If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. Md. Code Ann., Cts. & Jud. Proc. § 12-202. If the application is granted, but relief is denied on the merits of the claim, a petitioner must file a petition for writ of certiorari to the Court of Appeals of Maryland. *See Williams v. State*, 438 A.2d 1301, 1304-05 (Md. 1981).

Although Coleman pursued both his direct appeal and a state petition for post-conviction relief through all required appeals, and thus exhausted any available state remedies, he did not assert his Fourth Amendment ineffective assistance of counsel claim in either his direct appeal or his application for post-conviction relief. *See* Pet. at 6. When a prisoner has failed to present a claim to the highest state court, or to any state court, there has been a procedural default on that claim. *See O'Sullivan*, 526 U.S. at 848 (holding that a prisoner's failure to present three claims in his petition for leave to appeal to the state Supreme Court resulted in a procedural default of those claims in a federal *habeas* claim). Coleman acknowledges that he did not present his Fourth Amendment ineffective assistance of counsel claim to any state court, because he "just saw the issue recently." Pet. at 6. Moreover, as was the case in *O'Sullivan*, there is no dispute that Coleman no longer has state court remedies available to him. 526 U.S. at 848. Therefore, Coleman has procedurally defaulted his first claim of error. *See id.*

When a state prisoner's habeas claim has been procedurally defaulted, a federal court may not address the merits of the claim unless the petitioner can show both "cause for the default and actual prejudice as a result of the alleged violation of federal law." *Coleman v. Thompson*,

501 U.S. 722, 750 (1991); *Breard v. Pruett*, 134 F.3d 615, 620 (4th Cir. 1998). "Cause" consists of "some objective factor external to the defense" that "impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S 478, 488 (1986). To demonstrate prejudice, the petitioner must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *United States v. Frady*, 456 U.S. 152, 170 (1982); *see Murray*, 477 U.S. at 494. In addition, a petitioner may obtain review of procedurally defaulted claims if the case "falls within the 'narrow class of cases . . . implicating a fundamental miscarriage of justice.'" *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quoting *McCleskey v. Zant*, 499 U.S. 467, 494 (1991) (alteration in original)); *Coleman*, 501 U.S. at 750 (holding that procedural default may be excused if the failure to consider the claims will result in a "fundamental miscarriage of justice") (quoting *Murray*, 477 U.S. at 495)). Such cases are generally limited to those for which the petitioner can show that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To be credible, "a claim of actual innocence must be based on reliable evidence not presented at trial." *Calderon v. Thompson*, 523 U.S. 538, 559 (1998).

The only statement Coleman makes that could remotely be construed as arguing "cause" for the procedural default of his claim is that he "just saw this issue recently." Pet. at 6. Clearly, this does not constitute "some objective factor external to the defense" that impeded his efforts to comply with the procedural rule. *Murray*, 477 U.S at 488. Coleman does not allege that he was prevented from filing a motion to suppress by state action, or that the State impeded his ability to raise the claim either on direct appeal or in post-conviction proceedings. Further, Coleman makes no attempt to argue prejudice, nor does he claim anywhere in his filings that he is actually

innocent of the crimes for which he was convicted. Therefore, Coleman has procedurally defaulted his Fourth Amendment claim. The Petition will be denied as to that claim.

### III. Jury Instructions

Coleman's second claim is that the jury instructions in his trial were improper because they were vague and conveyed the erroneous message that they were only advisory and non-binding on the jury. Respondents argue that this claim was also procedurally defaulted because it "was not presented on direct appeal or in state post-conviction proceedings at the circuit level." Second Supp. Ans. at 15, ECF No. 17. However, Coleman did assert that the jury instructions were improperly non-binding in his petition for post-conviction relief in a supplemental petition to the circuit court in August 2012. In its decision denying post-conviction relief, the Circuit Court characterized Coleman's allegations as including the claim that:

> Trial counsel was ineffective for not objecting to an introductory jury instruction that suggested the instructions afterward were merely advisory and not binding; also, the Trial Court's introductory jury instruction, which suggested the instructions afterward were merely advisory and not binding, was itself a Constitutional violation requiring reversal of Petitioner's convictions.

State Post-Conviction Op. at 2-3. The Circuit Court then addressed the merits of this claim and rejected Coleman's argument. Because this claim was raised in the state post-conviction proceedings, decided on the merits, and was the subject of an application for leave to appeal the Circuit Court's denial of post-conviction relief that was then denied, the Court concludes that the claim was not procedurally defaulted.

Respondents also argue that Coleman's claim regarding the vagueness and advisory nature of the trial court's introductory jury instruction was based on Maryland law and is therefore not a cognizable claim in a habeas petition. "Such an inquiry . . . is no part of a federal court's habeas review of a state conviction," because "federal habeas corpus relief does not lie

10

for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* at 67-68. Coleman, however, phrased his claim as a "Constitutional violation" in his state post-conviction application. State Post-Conviction Op. at 3. Although he cited only Maryland case law in support of his claim, at least one of the cases addressed whether advisory jury instructions violates the Sixth Amendment right to a trial by jury. *See Stevenson v. State*, 423 A.3d 558, 567 (Md. 1980). The Court therefore concludes that, reading the Petition liberally, Coleman sought to assert a federal claim. However, it is unclear whether the Circuit Court's denial of the post-conviction petition on this issue was based on state law grounds only. If the state post-conviction court denied a petitioner's claim on state law grounds only, the claim would not be cognizable on a federal *habeas* petition. *See Coleman*, 501 U.S. at 729 ("This Court will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment.").

The Court need not decide whether the claim is cognizable because on the merits, Coleman's argument fails. In reviewing claims of jury instruction error, the question for a federal habeas court is "whether the ailing instruction by itself so infected the entire trial that the resulting conviction violates due process." *Estelle*, 502 U.S. at 72 (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)). The instruction is not to be considered in isolation but rather must be taken in the context of the instructions as a whole as well as the trial record. *Id.* (citations omitted).

In denying the state post-conviction petition, the Circuit Court acknowledged that jury instructions that were characterized as advisory or non-binding on the jury would be erroneous,

11

based on Maryland case law also cited by Coleman. *See* State Post-Conviction Op. at 11; *Unger v. State*, 48 A.3d 242, 262 (Md. 2012); *Montgomery v. State*, 437 A.2d 654, 658 (Md. 1981), *overruled on other grounds by Unger*, 48 A.3d at 261; *State v. Adams*, 912 A.2d 16, 23 (Md. Ct. Spec. App. 2006), *overruled on other grounds*, 958 A.2d 295, 311 (Md. 2008). The Circuit Court concluded, however, that the jury instruction at Coleman's trial did not convey that message. The instruction at issue stated:

> There are certain matters of law which are indispensable to preserve the integrity of every criminal trial and to assure a fair and impartial trial. They serve as guidelines to which every Jury in a criminal trial must adhere.

Trial Tr. (Oct. 23, 2002) at 87, ECF No. 17-3. Although Coleman asserts that the reference to the jury instructions as "guidelines" rendered them advisory, the court's statement that the jury "must adhere" to the instructions made it clear that following the jury instructions was mandatory. *Id.* As noted by the Circuit Court, the trial court also used binding language throughout the jury instructions, including the use of the terms "cannot," "incumbent," "necessary," "must," and "duty." State Post-Conviction Op. at 13. The allegedly vague term "certain matters of law" was clarified by the remaining instructions, which addressed specific issues such as the burden of proof and the elements of the charged offenses. The Circuit Court therefore appropriately concluded that the jury instructions were distinguishable from the impermissibly advisory instructions in other cases. *See, e.g., Adams*, 912 A.2d at 23-24 (finding that jury instructions were improper where they were "replete with instances of advisory instructions" such as "You may disregard anything I tell you, and you may pay absolutely no attention to what I tell you concerning either the facts or the law").

This Court may not grant the Petition unless it finds that the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or

"resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1). Under these circumstances, the Court finds no error in the state post-conviction court's determination. The state post-conviction court reviewed the jury instructions as a whole and found that they were not improperly advisory. The state post-conviction court's findings are presumptively correct and withstand scrutiny pursuant to 28 U.S.C. § 2254(d) and (e). Moreover, there is simply no indication that the alleged defect in the jury instruction so infected the entire trial that the resulting conviction violates Coleman's right to due process. Because Coleman has not met his burden of establishing that the state post-conviction court's determination was unreasonable in concluding that Coleman had not established a constitutional violation arising from the allegedly advisory jury instructions, the Court will deny the Petition on this issue.

## IV. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an appeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists

"would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id.* at 478.

Coleman's first claim is dismissed on procedural grounds, and his second claim is dismissed on the merits. Upon review of the record, this Court finds that Coleman has not made the required showing on either claim. The Court therefore declines to issue a Certificate of Appealability. Coleman may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Petition for Writ of Habeas Corpus is DENIED. The Court declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: January 31, 2018

THEODORE D. CHUANG
United States District Judge